# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02303-EWN-KLM

MARK JORDAN,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE and
FEDERAL BUREAU OF PRISONS,

    Defendants.

## VAUGHN INDEX

Defendants, by undersigned counsel, submit the following Vaughn Index:

**I. FOIA Request #07-4653**

| DOC # | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 0 | | | | |

Nothing withheld.  No responsive documents found.

**II. FOIA Request #07-3699**

| DOC # | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 0 | | | | |

This request was consolidated with FOIA Request #07-4253. Agency action on FOIA Request #07-4253 was a full release.

## III. FOIA Request #07-4401

| DOC # | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 0 | | | | |

No agency action taken on FOIA Request #07-4401. It was considered duplicative of FOIA #06-9422. The below Vaughn index relates to FOIA Request #06-9422.

## IV. FOIA Request #06-9422

| DOC # | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 3 pages Redacted | Cover letters for each of the three requested Administrative Remedy Requests, addressed to the Warden. | (b)(5) & (b)(2) | (b)(5) One sentence was redacted on each letter that contained identical information that was developed by an attorney in anticipation of litigation challenging the BOP's position taken in the response to the Administrative Remedy Request. (b)(2) was applied to an internal telephone number and extenstion. |

| 2 | 3 pages Redacted | Administrative Remedy database printouts for the three Administrative Remedies. | (b)(5) | Each printout was redacted of an identical statement discussing possible litigation strategies. |
|---|---|---|---|---|
| 3 | 2 Redacted | E-mail exchange with a BOP attorney and other attorneys and lower level law enforcement staff.  The names of these staff and some internal phone numbers and computer identification codes were redacted. | (b)(2), (b)(6) | The names of these staff and some internal phone numbers and computer identification codes were redacted. |
| 3 | 38 | Regulations and BOP policy printed and reviewed by legal staff in considering the Administrative Remedy Requests | (b)(5) | Information was developed, prepared and compiled by and on behalf of an attorney in anticipation of litigation challenging the BOP's position taken in the response to the Administrative Remedy Request. |

| | | | | |
|---|---|---|---|---|
| 4 | 66 | Internal BOP background material regarding the issues raised in each of the Administrative Remedy Appeals, includes a memo containing legal analysis and guidance, as well as several e-mails between BOP attorneys and legal staff analyzing the issues raised in the requested Administrative Remedy Requests.  Also includes draft of legal analysis memo with handwritten notes on it. | (b)(5) | Information was developed, prepared and compiled by and on behalf of an attorney in anticipation of litigation challenging the BOP's position taken in the response to the Administrative Remedy Request. |
| 5 | 20 | Case law printed from an online legal service which was used in analyzing the issues raised in the Administrative Remedy Requests sought | (b)(5) | Information was developed, prepared and compiled by and on behalf of an attorney in anticipation of litigation challenging the BOP's position taken in the response to the Administrative Remedy Request. |

## V. FOIA Request # 06-0513

| DOC # | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 2 | These are two Daily Assignment Rosters. | (b)(7)(C) (b)(2)(High) (b)(7)(F) | These pages were partially redacted to omit the title of various staff posts and the shifts during which those staff posts are staffed. (b)(7)(C) was applied because staff have a privacy interest in which shifts they worked, which days they were on sick leave, and which days they were on annual leave.  This is not public information. harming staff. (b)(2)(High) was applied because to allow the public with access to the institution's staffing patterns (which posts are filled on which |

| | | | | |
|---|---|---|---|---|
| 1 Cont. | | | | days and times) could impede the effectiveness of the agency to fulfill its mission to securely house offenders.  Disclosure of staffing patterns may assist in escape efforts, facilitating disturbances, or  (b)(7)(F) was applied because these staffing rosters are compiled to aid the agency in fulfillment of its law enforcement mission, and disclosure would reasonably be expected to endanger the life or physical safety of staff or inmates within the institution by compromising the security of the institution. |
| 2 | 2 | This is a memo from the institution's Supervisory Attorney to an Associate Warden at the institution requesting assistance in | (b)(5) | This document was partially redacted. (b)(5) was applied to omit the paragraph which outlines which specific items the attorney |

| | | | | |
|---|---|---|---|---|
| 2 cont. | | administrative tort claim. | | requested to aid in her analysis of the tort claim. This information is protected because it reflects the attorney's opinion about which items are important in analyzing the claim. |
| 3 | 3 | Memo from BOP Paralegal analyzing the property receipt records involved in the administrative tort claim at issue | (b)(5) | This document was partially redacted. (b)(5) was applied to omit one sentence containing the paralegal's subjective opinion of the facts developed during the investigation of the tort claim. (b)(5) was applied to omit the paralegal's analysis and recommendation as to how management should proceed on the administrative tort claim |

| | | | | |
|---|---|---|---|---|
| 4 | 1 | Memorandum for BOP's North Central Regional Counsel from the institution Supervisory Attorney, including her analysis of the tort claim investigation | (b)(5) | This document was partially redacted.<br><br>(b)(5) was applied to omit a two sentence recommendation from the attorney indicating her thoughts on whether or not to offer a settlement in response to the administrative tort claim. |
| 5 | 1 | Memorandum from a Legal Intern to the Assistant Regional Counsel evaluating the investigation and resulting facts found, as well as providing a recommendation as to whether or not to settle the administrative tort claim | (b)(5) | This document was partially redacted.<br>(b)(5) was applied to redact several sentences containing the subjective opinion of the legal intern informing the Assistant Regional Counsel of her analysis of the merits and weaknesses of the tort claim. In addition, a sentence containing her recommendation to the Assistant |

| | | | | |
|---|---|---|---|---|
| 5 cont. | | | | Regional Counsel regarding how to proceed on the tort claim (settle or deny) was redacted. |
| 6 | 2 | Memorandum from BOP Paralegal setting forth the facts and evaluating another administrative tort claim filed by the plaintiff | (b)(5) | This document was partially redacted. (b)(5) was applied to redact the paralegal's opinion regarding staff actions, as well as the final section of the memo wherein she states her conclusion regarding how to proceed on the administrative tort claim. |
| 7 | 3 | Three one-page Lieutenant's Logs which include inmate counts, times of security checks, types of security checks conducted, and personal medical information about inmates other than the plaintiff | (b)(2)(High) (b)(7)(C) (b)(2)(Low) | These pages were paritally redacted. (b)(2)(High) was applied to redact the types of security checks conducted at various points throughout the day.  These are internal BOP procedures undertaken by BOP staff to ensure the safety and security of staff, |

| 7 cont. | | | | inmates, and the public. Disclosure of information about these security measures to the public, including this inmate-requestor, risks circumvention of the security procedures. Disclosure of the types of tests conducted and at what times of day they are conducted would provide a greater ability to circumvent those security measures. (b)(7)(C) was applied to redact the names and register numbers of other inmates and their personal information, such as movement to various areas of the institution and their medical status, as noted within the log. |

| | | | | |
|---|---|---|---|---|
| 7 cont. | | | | (b)(2)(Low) was applied to redact the numbers listed for each inmate base count taken in each of the various housing units. Release of the specific number of inmates in each housing unit may compromise security. The inmate counts within each housing unit are related solely to the internal practices of the agency, release of which would have no significant public benefit. |
| 8 | 4 | Log book pages showing when "shakedowns" (searches of living areas) were conducted and on which inmates, as well as what items were confiscated from those other individuals. Log book pages also show which areas were searched and at what times. | (b)(2)(High) (b)(7)(C) (b)(2)(Low) (b)(7)(F) | These pages were partially redacted. (b)(2)(High) was applied to redact the locations of area searches at various dates and times. Disclosure of this information would allow for the ability to circumvent the search procedures by providing the schedule and |

| 8 cont. | | Log book pages include the count of inmates on the housing unit, security mechanisms which were tested and when they were tested, as well as personal information about inmates other than the plaintiff. | | order in which these searches are undertaken.  Disclosure of this information would allow a person to conceal contraband if he or she knew the dates and times various areas were searched by staff. (b)(7)(C) was applied to redact the names and register numbers of inmates and the contraband staff discovered in their living areas. These logs are compiled for law enforcement purposes and release of these names and the contraband found in their possession would constitute an unwarranted invasion of privacy. (b)(2)(Low) was applied to redact the numbers listed for each inmate base count taken in each of the various housing units.  The inmate counts are related solely to the |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 8 cont. | | | | internal practices of the agency, release of which would have no significant public benefit. (b)(7)(F) was applied to redact the names of two inmates who were released from the housing unit for urinalysis.  Disclosure of this information to other inmates may risk the safety of inmates involved, as it is impossible to ascertain from the document if this was part of a larger investigation. |

| 9 | 1 | Memo from Senior Officer to BOP Paralegal regarding one of the plaintiff's tort claims. Redacted information is the name and register number of an inmate other than the plaintiff. | (b)(7)(C) | This document was partially redacted. (b)(7)(C) was applied to redact other inmates' names and register numbers, as well as the housing unit status of an inmate other than the plaintiff. This memo was compiled as part of the officer's law enforcement duties and release of these other inmates' names and non-public information would constitute an unwarranted invasion of privacy. |
|---|---|---|---|---|
| 10 | 1 | Memo from BOP Lieutenant to institution Supervisory Attorney. | (b)(5) | This document was partially redacted. (b)(5) was applied to redact a one sentence which is the lieutenant's opinion expressed to the attorney regarding recommended action to be taken on the claim. |

| 11 | 1 | Memorandum from BOP Lieutenant to institution Supervisory Attorney regarding an administrative tort claim. | (b)(5) | This document was partially redacted.<br><br>(b)(5) applied to redact a one sentence recommendation to the attorney regarding action to be taken on the claim. |

## VI.  FOIA Request #06-1739

| DOC # | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 2 | one paragraph within a Psychology Data System (PDS) note dated 6-8-2004 | (b)(2)(High) | One paragraph which spans the bottom of one page and the top of the next was redacted pursuant to (b)(2)(high).<br>(b)(2)(High) is applied as the material within this one paragraph is related solely to the internal personnel rules and practices of the agency and the release of this information would risk the circumvention of a statute or agency regulation.  Specifically, |

| 1 cont. | | | | this paragraph is staff's subjective perception of the inmate and advises staff regarding practices when interacting with him. |

## VII. FOIA Request #06-6428

| DOC # | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 495 | Special Investigative Supervisor (SIS) file containing selected items of mail sent to and from inmate Mark Jordan which were copied by SIS staff | (b)(2) (b)(7)(E) | These pages comprising the SIS file were withheld in full pursuant to (b)(2) and (b)(7)(E). (b)(2) was applied because the contents of this SIS file are solely related to the internal agency practices and release of the documents to the inmate/requestor would allow him to circumvent our internal policies. (b)(7)(E) was applied because the examination and copying of certain mail items is done for law enforcement purposes and by |

| | | | | |
|---|---|---|---|---|
| 1 cont. | | | | providing the inmate/requestor with the copied items, he could determine the law enforcement techniques and procedures, and thereby circumvent the agency's monitoring intended to ensure the safe and orderly operation of the institution, as well as to protect the public. |

## VIII.  FOIA Request # 07-2578

| DOC # | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| | | | | |

Nothing withheld.  Requestor sought audio tapes which were no longer available pursuant to normal retention policies.  Subsequently, BOP issued a supplemental response to the requestor which was a one page full release of the transactional data printout.

Respectfully submitted,

TROY A. EID
United States Attorney

*s/William Pharo*
By: William Pharo
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0407
william.pharo@usdoj.gov

Attorney for Defendants

18

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 15, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I mailed the foregoing to the following non CM/ECF participants:

Mark Jordan
# 48374 066
USP-MAX
PO Box 8500
Florence, CO 81226

               *s/William Pharo*
               William Pharo
               Assistant United States Attorney
               Attorney for Defendants
               United States Attorney's Office
               1225 Seventeenth St., Suite 700
               Denver, Colorado 80202
               Telephone: (303) 454-0100
               Fax: (303) 454-0404
               E-mail: william.pharo@usdoj.gov