UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLORADO

Mark Jordan, |
   Plaintiff, |
|
  v. | Civ. No. 07-CV-02303
|
FEDERAL BUREAU OF PRISONS, |
   Defendant, |
|

## DECLARATION OF RON HILL

I, Ron Hill, do hereby declare and state the following:

1. I am the Administrator for the Federal Bureau of Prisons (BOP), Freedom of Information Act/Privacy Act (FOIA/PA) Section, in the BOP's Central Office. In this position, I have access to the records of requests made under the FOIA/PA and I supervise the processing of those requests. I base this declaration on my review of those records as they pertain to Plaintiff, Mark Jordan.

2. Records indicate that since fiscal year 2006, Plaintiff has filed over 50 FOIA requests with the Bureau of Prisons.

3. The following information pertains to FOIA Request #2006-9422, which is referenced in Plaintiff's Amended Complaint in the section entitled "Claim Eight."

**CLAIM EIGHT**:

**CHRONOLOGY**

4. On August 15, 2006, the Bureau of Prisons' Office of General Counsel (OGC), Freedom of Information Act Section, received a FOIA Request #06-9422 from the Plaintiff.

5. In FOIA Request #2006-9422, the Plaintiff requested "copies of all documents, including all administrative records, requests, appeals, and responses thereto, relating to the following

       Administrative Remedies identified by Remedy ID numbers: 399657, 398950, 394521."

6. On August 23, 2006, OGC sent a letter to the Plaintiff acknowledging receipt of FOIA Request #2006-9422.

7. On December 11, 2007, the BOP responded to Plaintiff's FOIA Request #2006-09422 via letter indicating that 155 pages of responsive records had been located, and 23 pages of those 155 were releasable to him. Of the 155 pages of responsive documents that were located, twenty-three (23) pages documents were fully releasable, eight (8) pages of documents were redacted pursuant to 5 U.S.C. §§ 552(b)(5). The remaining 124 pages were withheld in their entirety pursuant to 5 U.S.C. § 552(b)(5).

8. Upon further review of these documents in preparation for this declaration, it was discovered the electronic redaction of 6 of the 8 pages redacted caused the pages to be completely redacted. These 8 pages were printed out again with only the objectionable portions redacted and were provided to the Plaintiff, along with a letter dated May 30, 2008.

**ADEQUACY OF SEARCH**

9. All records related to these Administrative Remedies are kept in a folder with the assigned remedy number. Administrative Remedy staff searched for, located and copied all records contained in the folders for the three Administrative Remedies Plaintiff sought.

**JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA**

**EXEMPTION 5 U.S.C. § 552(b)(5)**

10. Exemption 5 protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party. . . in litigation with the agency." In other words, this exemption protects documents normally privileged in the civil discovery context.

11. Three of the 8 redacted pages were cover letters for each of the three Administrative Remedies, addressed to the Warden, wherein a portion was redacted on each that contained

identical information that was developed by an attorney in anticipation of litigation challenging the BOP's position taken in the response to the Administrative Remedies. The statutory basis for the redaction was 5 U.S.C. 552(b)(5). Another 3 of the 8 redacted pages were Administrative Remedy database printouts for the three Administrative Remedies, each containing an identical statement discussing possible litigation strategies.

12. The 124 pages withheld are copies of case law and internal memorandum prepared by BOP attorneys as part of their attorney work product where they are discussing and developing the legal position in anticipation of litigation challenging the BOP's position taken in the response to the Administrative Remedy Requests. The statutory basis for the withholdings was 5 U.S.C. 552(b)(5).

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA
## EXEMPTION 5 U.S.C. § 552(b)(2)

13. Exemption 2 exempts from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2).

14. Exemption "high" (b)(2) was applied to redact the internal telephone numbers and extensions of staff. Release of these direct telephone numbers could allow the public to impede the effectiveness of our Central Inmate Monitoring system which allows calls to be screened by staff at the main switch board to prevent the improper release of information relating to Witness Security cases and other non-public information.

15. In addition, exemption "low" (b)(2) was applied to staff e-mail addresses as these are simply internal means for staff to contact each other and are not subject to a genuine and significant public interest. The e-mail addresses of these law enforcement staff members do not bear on the content or substance of the matter which was sought.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

### EXEMPTION 5 U.S.C. § 552(b)(6) and (b)(7)(C)

16. Title 5, United States Code, Section 552(b)(6) (hereinafter Exemption b(6)) permits the government to withhold all information about individuals in "personnel and medical files and similar files" when the disclosure of such information " would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(6).

17. Title 5, United States Code, Section 552(b)(7)(C) (hereinafter Exemption 7(C)) protects from mandatory disclosure records or information compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy..."  5 U.S.C. § 552 (b)(7)(C).

18. The names of lower level law enforcement staff, who were involved in the unique circumstances that gave rise to the creation of the document at issue, need to be redacted to protect against a clearly unwarranted invasion of their personal privacy and to protect against the risk of harm coming to them.  These staff, like all Bureau of Prisons staff who work at prisons, are considered correctional workers first and thus must interact with inmates in this law enforcement capacity.  The BOP FOIA/PA Office, in processing these documents balanced the expectation of privacy of these staff against any public interest that would be served in the release of the staff names.

19. The BOP recognizes the names of lower level law enforcement staff are revealed to some inmate requesters in the day-to-day, normal operations of a prison.  Thus, their expectation of privacy in those mundane activities is lowered.  However, there are circumstances where these staff are involved in activities where their names are not known to inmates or others.  Law enforcement staff have a higher expectation of privacy in the law enforcement duties they perform out of the public's or inmates' eyes.  The BOP also considers the benefit the

disclosure of the names would have for the general public in showing how the BOP is fulfilling its statutory duties. When this expectation of privacy is weighed against how the disclosure of their name would show the public how the government is fulfilling its statutory obligations; based on the heightened expectation of privacy and the fact the disclosure of the names to this requester would not reveal anything about the operations of the BOP, the BOP believes the balance tips in favor of protecting staff privacy. Thus, the names were redacted pursuant to 5 U.S.C. Section 552(b)(6) and (b)(7)(C).

20. The <u>Vaughn</u> Index attached to this declaration describes with particularity the documents and all meaningful information contained therein. The documents were evaluated for segregability and, as set forth above, it was determined portions of some documents could be released.

Pursuant to Title 28 U.S.C. Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed this __10__ day of October, 2008

*[signature]*

Ron Hill
FOIA/PA Administrator
Federal Bureau of Prisons

**FOIA Request #06-9422**

| DOC # | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 3 pages Redacted | Cover letters for each of the three requested Administrative Remedy Requests, addressed to the Warden. | (b)(5) & (b)(2) | (b)(5) One sentence was redacted on each letter that contained identical information that was developed by an attorney in anticipation of litigation challenging the BOP's position taken in the response to the Administrative Remedy Request.<br><br>(b)(2) was applied to an internal telephone number and extenstion. |
| 2 | 3 pages Redacted | Administrative Remedy database printouts for the three Administrative Remedies. | (b)(5) | Each printout was redacted of an identical statement discussing possible litigation strategies. |
| 3 | 2 pages Redacted | E-mail exchange with a BOP attorney and other attorneys and lower level law enforcement staff. The names of these staff and some internal phone numbers and computer identification codes were redacted. | (b)(2), (b)(6) (b)(7)(C) | The names of these staff and some internal phone numbers and computer identification codes were redacted. |
| 3 | 38 | Regulations and BOP policy printed and reviewed by legal staff in considering the Administrative Remedy Requests | (b)(5) | Information was developed, prepared and compiled by and on behalf of an attorney in anticipation of litigation challenging the BOP's position taken in the response to the Administrative Remedy Request. |

| 4 | 66 | Internal BOP background material regarding the issues raised in each of the Administrative Remedy Appeals, includes a memo containing legal analysis and guidance, as well as several e-mails between BOP attorneys and legal staff analyzing the issues raised in the requested Administrative Remedy Requests. Also includes draft of legal analysis memo with handwritten notes on it. | (b)(5) | Information was developed, prepared and compiled by and on behalf of an attorney in anticipation of litigation challenging the BOP's position taken in the response to the Administrative Remedy Request. |
|---|---|---|---|---|
| 5 | 20 | Case law printed from an online legal service which was used in analyzing the issues raised in the Administrative Remedy Requests sought | (b)(5) | Information was developed, prepared and compiled by and on behalf of an attorney in anticipation of litigation challenging the BOP's position taken in the response to the Administrative Remedy Request. |