**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 07-cv-02303-REB-KLM

MARK JORDAN,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

**AMENDED ORDER RE: RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me *sua sponte*. On September 8, 2009, I issued an **Order Adopting Recommendation of the United States Magistrate Judge** [#75][1], noting that no objections had been filed to the recommendation. Later that same day, **Plaintiff's Objections to Recommendation of United States Magistrate Judge** [#76], filed September 8, 2009, were received and docketed. Having considered the objections, I find and conclude that several of them are well-taken. I vacate my prior order and sustain plaintiff's objections in part. Based on the objections that are sustained, I grant defendants' motion for summary judgment in part and deny it in part.

    Plaintiff challenges defendants' responses to a number of requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. §

---

[1] "[#75]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

552a.  I find that the following objections have merit:

### 1.  Claim II

The magistrate judge concluded that plaintiff's request for a roster of ADX staff names and titles was exempt pursuant to 5 U.S.C. § 552(b)(7)(F) as a record compiled by a law enforcement agency for law enforcement purposes that "could reasonably be expected to endanger the life or physical safety of any individual."  Assuming *arguendo* that the Board of Prisons is a law enforcement agency, I find it inappropriate to conclude that the requested information is automatically entitled to the benefit of the (7)(F) exemption.

More importantly, however, the evidence plainly shows that the BOP itself considered the names and titles of BOP personnel public information.  (*See* Plf. Resp. to Motion for Summary Judgment App., Exh. 2 at 10 [#55], filed December 11, 2008) (BOP Policy Statement 1351.05 dated 9/19/2002) (noting that "[a] list of Bureau employees may be generally releasable"), &  attachment B at 1 (classifying as "Public Information" staff name, position title, grade, salary, duty station, and duty station address).  Therefore, defendant has not shown that the information requested is exempted under FOIA.  **See Maydak v. United States Department of Justice**, 362 F.Supp.2d 316, 322-23 (D.D.C. 2005) (finding (7)(F) exemption inapplicable when BOP made names and titles of staff were available to the public but not to inmates of subject facility).

Accordingly, defendants' motion for summary judgment as to Claim II must be

denied in its entirety.[2]

### 2. Claim V

Plaintiff seeks all records and information maintained by the United States Attorney for the District of Colorado pertaining to Criminal Case No. 04-cr-00229-LTB, **United States v. Jordan**. The potentially responsive documents comprise at least five boxes of materials and between 16,000 and 26,000 pages. Pursuant to applicable regulations, the Department of Justice held processing of the request in abeyance until plaintiff paid the fee for photocopying the documents. **See** 28 C.F.R. §§ 16.11(c)(2), (e), (i)(2), & (i)(4). Plaintiff objects that this course of action is inappropriate because he has requested that the documents be produced in CD-ROM format. FOIA requires that records be provided "in any form or format requested . . . if the record is readily reproducible in that format," 5 U.S.C. § 552(a)(3)(B), and DOJ guidelines state that "in almost all cases, an agency will be able to readily reproduce any existing form or format of a record for which a requester expresses a preference."

Defendant DOJ has not shown that the records requested are not readily reproducible in CD-ROM format. Moreover, when a request is made for copies other than in paper format, as was done here, the agency "will charge the direct costs of that duplication." 28 C.F.R. § 16.11(c)(2). **See also id.** § 16.11(b)(2) ("Direct costs means those expenses that an agency actually incurs in searching for and duplicating . . . records to respond to a FOIA request."). There is no evidence that DOJ has ever

---

[2] Previously, I upheld the magistrate judge's determination that defendants were not entitled to summary judgment on the narrower issue whether their search for documents responsive to Claim II satisfied the requirements of FOIA. The present reversal as to the substantive portion of this claim does not disturb my earlier determination regarding the adequacy of the search.

provided plaintiff with an estimate of direct costs for duplication in the format he has requested.  Therefore, summary judgment as to this claim is inappropriate.

With these exceptions, plaintiff's remaining objections are imponderous and without merit.[3]  The recommendation of the magistrate judge as to the remainder of the claims, therefore, should be approved and adopted as an order of this court.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the prior **Order Adopting Recommendation of the United States Magistrate Judge** [#75], entered September 8, 2009, is **VACATED**;

2.  That the **Recommendation of United States Magistrate Judge** [#74], filed August 14, 2009, is **APPROVED AND ADOPTED** as an order of this court, except insofar as it recommends that defendants' motion for summary judgment be granted with respect to Claim II and Claim V;

3.  That **Plaintiff's Objections to Recommendation of United States Magistrate Judge** [#76], filed September 8, 2009, are **SUSTAINED IN PART** to the extent it implicates Claim II and Claim V;

4.  That plaintiff's objections are **OVERRULED** otherwise;

5.  That defendants' **Motion for Summary Judgment and Supporting Brief** [#53] filed November 17, 2008, is **GRANTED IN PART** and **DENIED IN PART**;

---

[3]  Plaintiff is correct that the two-sentence redaction he challenges by way of Claim VIII is contained in a memorandum written by Harrell Watts, Administrator, National Inmate Appeals, regarding Administrative Remedy No. 398950-A1  (*See* **Plaintiff's Status Report App.**, Exh. 3 [#64], filed May 1, 2009.)  Although there is no evidence that Watts himself is an attorney, nothing in the record contradicts the BOP's verified assertion that the information relayed in the redacted portion of the memorandum conveys information developed by an attorney in anticipation of litigation.

6. That the motion for summary judgment is **DENIED** with respect to Claim II and Claim V;

7. That the motion for summary judgment is **GRANTED** otherwise; and

8. That **Plaintiff's Motion for 3-Day Extension of Time To File Objections or, in the Alternative, for Relief From Order** [#78] filed September 16, 2009, is **DENIED AS MOOT**.

Dated September 22, 2009, at Denver, Colorado.

                                        **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge