IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02303-REB-KLM

MARK JORDAN,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, and
FEDERAL BUREAU OF PRISONS,

    Defendants.
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Extension of Time and for Order Directing Defendants to Provide Plaintiff His Legal Materials and Access to Main Law Library** [Docket No. 111; Filed ] (the "Motion"). The Court directed Defendants to respond by June 18, 2010 [Docket No. 114], and they did so [Docket No. 116].

    Pursuant to the Motion, Plaintiff contends that he cannot file an objection to my Recommendation on the Motion for Summary Judgment [Docket No. 104] or a response to Defendants' Objection [Docket No. 106] until his legal materials and law library privileges are restored to him. *Motion* [#111] at 2. Plaintiff admits that his limited access to legal resources is due to his placement in administrative detention pending a misconduct investigation. *See id.* Since the filing of the Motion, Plaintiff claims that he was found not to have committed a rule violation, but that he "inexplicably" remains in segregation as of June 14, 2010. *Status Report* [#117] at 3.

    Defendants contend that as of June 15, 2010, Plaintiff was released from

segregation and returned to the general population. Therefore, Defendants argue that "to the extent that [Plaintiff] is claiming that his administrative detention prevents him from having access to legal materials and the main law library," the Motion is moot. *Response* [#116] at 2.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part**. Because it is not entirely clear to the Court that Plaintiff's release from segregation remedies the breadth of the allegations contained in his Motion, the Court assumes that Plaintiff continues to need an extension of time and continues to lack the extent of the legal resources he would like to possess. Accordingly, the Court agrees that an extension of time is reasonable, but does not agree that the extension should be indefinite or premised upon the prison facility's restoration of Plaintiff's legal materials or law library privileges.

To the extent that Plaintiff contends that the facility where he is currently housed is not complying with administrative regulations, his appropriate course of action is the exhaustion of his administrative remedies. Except under extraordinary circumstances, the Court does not interfere with a prison facility's day-to-day operations. *See, e.g.*, *Turner v. Safely*, 482 U.S. 78, 84-85 (1987); *see also Banning v. Looney*, 213 F.2d 771, 771 (10th Cir. 1954) ("Courts are without power to supervise prison administration or to interfere with the ordinary prison rules or regulations."); *Griffen v. Brooks*, 13 Fed. Appx. 861, 864 (10th Cir. 2001) (unpublished decision) (noting that court should not "interfere with prison officials' decisions concerning day-to-day administration of prisons, to which we must accord deference . . .").

IT IS FURTHER **ORDERED** that Plaintiff's deadline to file an objection or response

2

to Defendants' Objection is extended to no later than **July 15, 2010**. **No further extensions of time will be permitted.**

IT IS FURTHER **ORDERED** that the Clerk shall mail a copy of my Recommendation [#104], Defendants' Objection [#106], and attached exhibits [#106-1] to Plaintiff in conjunction with this Order.

Dated: June 21, 2010

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge