# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 07-cv-02303-REB-KLM

MARK JORDAN,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.

## ORDER RE: RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#104], filed April 19, 2010; (2) **Defendant's Partial Objection to Magistrate Judge's Recommendation** [#106], filed May 3, 2010; and (3) plaintiff's **Objections to Recommendations of United States Magistrate Judge** [#121], filed July 16, 2010. I approve and adopt the recommendation in part.

Plaintiff challenges defendant's responses to a number of requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Based on a prior **Recommendation of United States Magistrate Judge** [#74], filed August 14, 2009, I granted in part and denied in part defendant's previous **Motion for Summary Judgment** [#53], filed November 17, 2008. (*See Amended Order Re: Recommendation of the United States Magistrate Judge* [#79], filed September 22, 2009.) That order left intact plaintiff's Claims II and V. Thereafter, the parties again filed cross-motions for summary judgment, which form the basis of the magistrate

judge's present recommendation.  The recommendation is extraordinarily detailed and well-reasoned.

By its objections, defendant acknowledges the magistrate judge's conclusion that the evidence submitted in support of its supplemental motion for summary judgment was insufficient to meet its burden to prove that it conducted a reasonable and adequate search for the documents requested by Claim II.  However, it now proffers a declaration from the BOP employee who actually conducted the search for records responsive to Claim II.  (*See*  **Defendant's Partial Objection to Magistrate Judge's Recommendation** App., Exh. A-3 (Declaration of Margie Bier).)  Acknowledging the lateness of the evidentiary submission, defendant nevertheless asks the court to consider it in the interest of judicial efficiency, as otherwise a trial on the issue may be required.  To determine whether consideration of this evidence is appropriate at this stage of the proceedings, it is necessary to explicate some of the more recent procedural history of this case.

In early May, 2010, plaintiff was transferred from ADX Florence to the United States Penitentiary in Lee County, Virginia, which left him without access to his legal materials for a period of time.  Accordingly, his request for an extension of time to file objections was granted.  (*See* **Minute Order** [#105], granted April 20, 2010 (granting plaintiff's **Motion To Hold in Abeyance** [#98], filed March 16, 2010).)  Plaintiff filed a subsequent motion to extend the deadline on May 21, 2010, averring that he had been placed in administrative detention and was without access to his legal materials.  (*See* **Motion for Extension of Time** [#109], filed May 21, 2010.)  This court granted that

2

motion and again extended the deadline.  (***See* Memorandum** [#110], filed May 21, 2010.)

On the day objections were due, plaintiff filed a third motion for extension of time, advising the court that he still was confined in administrative segregation without access to his legal materials.  (***See* Motion for Extension of Time and for Order Directing Defendants To Provide Plaintiff His Legal Materials and Access to Main Law Library** [#111], filed June 3, 2010.)  Defendant, however, subsequently advised the court that plaintiff was released from administrative segregation on June 15, 2010. (***See* Response to Plaintiff's Motion for Extension of Time and for Order Directing Defendants To Provide Plaintiff His Legal Materials and Access to Main Law Library** [#116], filed June 18, 2010.)[1]  The magistrate judge, therefore, granted plaintiff a final extension of time until July 15, 2010, to file his objections, providing further, and relevantly, that the Clerk of the Court was to mail copies of the recommendation [#104], the government's response [#106], and the Bier declaration [#106-1] to plaintiff. (**Order** [#118], filed June 21, 2010.)  The Clerk of the Court complied with his obligations that same day, mailing copies of the order and the above-noted documents to plaintiff.  (***See* Certificate of Service** [#119], filed June 21, 2010.)

Nevertheless, by his objections, plaintiff states that he continues in administrative segregation, without access to his legal materials.  Although it is not apparent whether plaintiff's placement is a continuation of his prior administrative segregation or the result

---

[1] Although plaintiff's **Status Report** [#117], filed June 18, 2010, indicated his continuing detention in the Special Housing Unit, the certificate of service indicated that it was mailed from FCI-Lee on June 14, 2010, the day before the government suggests plaintiff was released from administrative segregation.

3

of a new placement, clearly he continues to receive mail, as he acknowledges having received the magistrate judge's most recent order. Strangely, however, he then suggests that he "does not even have access to a copy of the Magistrate Judge's recommendation[.]" (**Objections to Recommendations of United States Magistrate Judge** [#121], filed July 16, 2010.) Since the order, which plaintiff admits receiving, specifically directed that plaintiff be mailed a copy of the recommendation and other relevant documents, and because the docket reflects that the Clerk of the Court complied with that directive, this statement is curious, to say the least. There is a presumption that plaintiff received all documents that were mailed to him. *Gurung v. Ashcroft*, 371 F.3d 718, 722 (10th Cir. 2004) (citing *Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994)). Plaintiff's objections, which do not state that he did *not* receive the documents contemplated by the order or otherwise suggest that they have been withheld from him, are insufficient to rebut this presumption. *See Federal Kemper Life Assurance Co. v. Ellis*, 28 F.3d 1033, 1040-41 & n.8 (10th Cir. 1994).

Accordingly, I find and conclude that plaintiff has had adequate notice of and opportunity to object to both the magistrate judge's recommendation and the supplemental declaration submitted by defendants. The Bier declaration is sufficient to meet defendants' burden to establish the adequacy of the search for documents responsive to Claim II. *See Patterson v. Internal Revenue Service*, 56 F.3d 832, 841 (7th Cir. 1995) (agency must prove "that [it] might have discovered a responsive document had the agency conducted a reasonable search") (citation and internal quotation marks omitted). *See also Oglesby v. United States Department of*

*Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (defendant not required to search every record system or demonstrate that no other potentially responsive documents might exist, only "that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested"). Therefore, and through no fault of the magistrate judge, who was not permitted to consider this evidence, I reject the recommendation only insofar as it recommends that defendants' motion for summary judgment be denied as to the adequacy inquiry of Claim II.

As to the remainder of the recommendation, however, plaintiff's objections are imponderous and without merit. Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge in all other respects should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#104], filed April 19, 2010, is **APPROVED AND ADOPTED** as an order of this court, except insofar as it recommends that defendant's motion for summary judgment as to the adequacy of the search for documents responsive to Claim II be denied;

2. That the objections in **Defendant's Partial Objection to Magistrate Judge's Recommendation** [#106], filed May 3, 2010, are **SUSTAINED**;

3. That the objections in plaintiff's **Objections to Recommendations of United States Magistrate Judge** [#121], filed July 16, 2010, are **OVERRULED**;

5

4. That **Plaintiff's Motion for Judgment as a Matter of Law** [#81], filed October 1, 2009, is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. That the motion is **GRANTED** as to Claim II insofar as it seeks production of a ADX staff roster; provided, however, that the names of the employees listed thereon may be redacted; and

    b. That in all other respects, the motion is **DENIED**;

5. That **Defendant's Supplemental Motion for Summary Judgment** [#88], filed November 6, 2009, is **GRANTED IN PART**, **DENIED AS MOOT IN PART**, and **DENIED IN PART**, as follows:

    a. That the motion is **DENIED** insofar as it seeks summary judgment as to the relief requested plaintiff's Claim II; provided, however, that the ADX staff roster requested by that claim may be redacted to remove the names of the employees listed thereon;

    b. That the motion is **DENIED AS MOOT** insofar as it seeks summary judgment as to Claim V; and

    c. That in all other respects, the motion is **GRANTED**;

6. That Claims I, III, IV, VI, VII, and VIII of the **Amended Complaint** [#4], filed November 17, 2010, are **DISMISSED WITH PREJUDICE**;

7. That Claim V of the **Amended Complaint** [#4], filed November 17, 2010, is **DISMISSED WITHOUT PREJUDICE**;

8. That judgment **SHALL ENTER** on behalf of plaintiff, Mark Jordan, and against defendant, the Department of Justice, as to Claim II of the **Amended Complaint** [#4],

filed November 13, 2007, insofar as it seeks an ADX staff roster redacted to remove the names of the employees listed thereon, in accordance with this Order; and

9. That judgment **SHALL ENTER** on behalf of defendant, the Department of Justice, and against plaintiff, Mark Jordan, as to Claims I, III, IV, VI, VII, and VIII of the **Amended Complaint** [#4], filed November 13, 2007, in accordance with this order, as well as my **Amended Order Re: Recommendation of the United States Magistrate Judge** [#79], filed September 22, 2009.

Dated August 2, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge